Good morning, Your Honors. Philip Bronson representing Mr. CARR. And I would like to address the Respondent's contention that the recent U.S. Supreme Court case is dispositive of this whole appeal. Is that there, they want the 60-day period for the time in it? Is that it? Yes, it was the case of Evans v. Chavez. In that case, the Court indicated that the petitioner's State Court to the California Supreme Court must determine, the Federal Court must determine, what the State Court would find to be a reasonable delay. And in Chavez, the Court found that the six-month, the California Supreme Court would find that the six-month delay would be unreasonable. And in our case, there's – Under the facts of that case, it was unreasonable. Yes. But how would we know whether that was unreasonable under the facts of this case? That's never been determined, has it? No State Court in all of the petitions that were filed, in my reading of the cases, no State Court has made a determination that this was an unreasonable period of time. Also, not long before in – We've got the case in Evans v. Chavez as well. I mean, the problem that we've got is with the California habeas corpus system, which portends, I guess, original jurisdiction at every level of review. And so they don't seem to be terribly concerned about whether or not it takes 522 days to get things resolved. The problem is we just don't know, right? That's my understanding of it. In the recent case – well, not recent, but 2003 case of Bennett v. Mueller, after it was remanded because the court – it was remanded for the district court to determine if there was a consistent the California State Supreme Court about the time periods. And the California Supreme Court, the clerk wrote back that there was no time limit applicable to the filing of an original habeas petition in that court. So – Where does the reasonable time come from? Is that just from the jurisprudence? I realize there's no California equivalent to AEDPA, but don't the California courts require a reasonable period within which relief must be sought? They have – the California law has a requirement that the petition be filed within a reasonable time. So how would we – if we were to remand this issue to the federal district court to conduct an evidentiary hearing on that issue, what evidence is there in the record before us to explain what the state argues is a total of 522 days of unexplained delay? What good cause does your client have to show to explain why it took that long? Other than being – basically being a pro per representing himself, and other than that, he doesn't have any equitable estoppel or things of that nature. I don't believe that. If that's the case, if that's the case, Mr. Bronson, why shouldn't we just declare as a matter of law that 522 days is unreasonable in light of the Supreme Court's decision in Evans v. Chavez and do what the State is suggesting and dismiss under AEDPA for violation of the one-year rule? Well, because the State – because for non-capital cases, the State of California has never determined what is an unreasonable time period for original petitions. But clearly the Supreme Court is contemplating a much shorter period than 522 days. I mean, they actually use 30, 45, and 60 days as examples of sort of the typical period of time that would be deemed reasonable, don't they? They do that, yes, in that case. But in terms of reality, there is no – the California Supreme Court has set no specific time. They're accepting applications apparently without any limit. Well, the issue is a federal issue, is it not? The issue is whether or not your client had something pending before the California courts. And the problem is we've got a 522-day period of delay in which there was nothing filed, nothing pending within the normal definition of that term. And you told us a few minutes ago that he doesn't have any explanation other than the fact that he was pro per at the time, in order to establish grounds for equitable tolling. But then critiquing Chavez, that case seems to be in conflict with Safford. Yeah. Let me just cut to the quick here. Why doesn't the law of the case doctrine apply here? We had a decision in Carr v. Los Angeles Superior Court, which, you know, involved the same folks here, and the earlier panel resolved that timeliness issue. Well, the – That should be the law of the case, and that should end us. The argument is that – Did you brief law of the case doctrine? I did not brief – I don't think the government raised it either. Well, yes, and they're – in Respondent's brief, they mentioned that issue, and they say it's not binding because there was a change in the law that Evans hadn't been decided yet, and because it hadn't been decided, the law of the case is not applicable. That's how I understood their argument to be. But they can probably state in clearer terms what their rationale is for that. Yeah. And I – Maybe you want to save a couple minutes of your time. Yeah. I only have a couple minutes left, so I will save that. Okay. Deputy Attorney General Rahm Emanuel, on behalf of Respondent Apelli, may it please the Court, just to pick up on the Court's last point, we did address the law of the case in our Apelli's brief, in the timeliness argument, and as we stated – Well, why doesn't it apply? Well, it doesn't apply for the simple reason that the United States Supreme Court has issued a ruling on this issue since CAR 1, the first case, the first time this case was before this Court, stating that the time delays – a time delay of six months is not justifiable, and the time delays, as we stated in our brief, are 219 days and 222 days, respectively, between the denial of a state habeas petition in one California court and the filing of a subsequent petition in another higher California court. What's that got to do with the law of the case and the finding that was made by a panel of this Court on the timeliness issue? Because, as we argued, we classify that as an intervening change in the law, and this circuit, the Ninth Circuit, has held an intervening change in the law will bar application of the law of the case doctrine. And Evans v. Chavis, as the United States Supreme Court decided, is an intervening change in the law as to the time periods which are justifiable under ADEPA for tolling. Yeah, but, you know, on that particular case, you've got to look at the circumstances of that case. I mean, the state of California is in no hurry on these cases anyway, is it? Well, whether that is true or not, Dean. I mean, that's true. Okay, assuming that's true. I mean, the whole system on state habeas can be chaotic. Isn't that right? Well, in some cases it can be chaotic. I don't think it's chaotic in this case. In this case, and the Supreme Court said this, a federal court, in Evans v. Chavis, a federal court can determine on the facts whether a petition was timely under California law, even though California law, as it pertains to habeas corpus, is not always clear. Do you think we should send this case back to the district court and have the district court find out or determine whether this petition was timely? No, I don't believe that's necessary. Well, who's going to make that finding? This court can make that finding. We don't make findings on questions of fact. Well, the ---- I mean, each case stands on its own. Well, while that is true, each case does stand on its own, the court, looking at these delays of 219 and 222 days, which is longer than the six months that the United States Supreme Court said was a justifiable delay, it can make that determination. In that case. Yeah, and as we argued in our brief, in this case as well. So I don't think that that is making a finding of fact. The facts are already there, 219-day delay and 222 delay. It's more applying those facts to the law as determined by the United States Supreme Court under Evans v. Chavis. So I would just have a slight disagreement with the way. So are you suggesting that the analysis should be, there is no dispute over the fact of the two periods of delay totaling more than 500 days. Mr. Bronson concedes that there are no other grounds for equitable tolling. It's simply the inmate was pro per and that as a result, we should declare as a matter of law that that is an unreasonable period of time in light of Evans v. Chavis and declare that it exceeded the limitation. I think based on the facts in this case, this court can do that as a matter of law determined that it is untimely under a DEPA. Well, what if you have a situation where the inmate is in a facility and he's not allowed to use the law library or he may be in solitary or he may be in transit. Those are situations which this court and other courts have addressed may give grounds for equitable tolling. But as Judge Tallman has noted, there was never any pleading of equitable tolling. And the district court even said in its first time this case was before it, that there were no grounds raised for equitable tolling. And the petitioner has the burden to raise equitable tolling issues, and he has not done so as of yet. So he would not be entitled to any equitable tolling under those grounds, whether he had access to the law library or was in solitary confinement or could not proceed or could not file legal papers for some reason or another. It's just not been addressed, and it's his burden to address that. And that's not the case here. You know, the thing that – I guess it's all quiet so I'll get to speak. But the thing that I'm puzzling over is the Supreme Court in its decision talked about what would be reasonable, and I'm not convinced that they said six months is too long in every case, even if there were a reasonable showing. I just – I don't get that out of the case. But, you know, you point out, well, here the petitioner is saying the only thing that I could raise, if we were to get to that issue and say that law of the case does not bind us, the only – he doesn't have anything to attack to say it was reasonable other than the fact that he was pro se. Now, to rely on the statement of, you know, counsel during an oral argument where there's a degree of pressure, I'm not sure that's exactly the right thing to do. But typically it seemed to me there should be some inquiry as to the reasonableness somewhere along the line. Maybe you said, well, sure, there would be if the petitioner had ever asked it, but he never did. Is that your point? Yes, that is my point. But I would also add the Supreme Court said, and Your Honor is correct, it is an unjustified delay of six months. And what we have here is we have no justification. We don't know what the delay was due to. But it's, as I stated earlier, it's petitioner's burden to state the reasons for the delay. And we don't know. And based on that, that by definition is unjustified, providing no justification for a delay. The Supreme Court case that you're talking about, that came on after all this happened. So maybe we ought to give them a chance to go back to the district court and raise that issue. I would argue against doing that. Are you for anything today? Yeah, yeah. I was going to get to those points right now. I think affirmance, I guess, would be either dismissal or affirmance. Is that what you're for? Yes, yeah, definitely for those. What's that badge you have on over there? Oh, those are just replicas of our actual badges. Those are just replicas. They give you badges? Oh, yeah, they do now. They give us badges for identification purposes. If we were to assume that the law of the case doctrine applied for some reason in this case, and we were to reach the merits, would you like to address the merits of the habeas claim? Yes, I would, quickly, because I see my time is going. As to the first IAC claim, whether counsel consulted with a petitioner regarding his right to appeal, this case, the case of Roe v. Flores-Ortega, another United States Supreme Court case, clearly controls in this instance. This court in Sandoval-Lopez cited that Flores-Ortega v. Roe is the case to look at when determining whether a counsel properly consulted with his client on the basis for an appeal. And we don't know whether that happened because the record is not clear on that. And in that scenario, this court said in Sandoval-Lopez that that forecloses any habeas relief under that case of Roe v. Flores-Ortega. As to the second IAC claim, that had to do with request of medical records. Petitioners asserting that his counsel failed to obtain medical records, which may have shown some physical infirmities. Mental. Mental, physical, and mental infirmities. But as the U.S. Supreme Court has said again, that anything that happens prior to the guilty plea breaks the chain for. Yeah, but this is, he's saying that he was incompetent to enter the guilty plea. And so his decision to do that was not an appropriate decision. But, you know, I think the petitioner can make some kind of a case for the fact that his lawyer should have looked at the 91 records from the prison, I think it was, that bore on his mental competency. But I don't find anywhere in the record as to what the 1991 records would show. Now, if we don't know what they would show, how do you, how does a petitioner show prejudice by not looking at them? Well, because the petitioner at the time that this case was decided in the trial court, when he decided to plead guilty, the counsel at that time made the determination on his interviews with counsel, I'm presuming, his interview with counsel, that any obtaining of medical records would not be required. And we have to leave that decision to trial counsel, who's there at the time making these decisions on whether his defendant should plead guilty or not. And just real quickly, petitioner did have a full-blown competency hearing under California Penal Code Section 1368. Yes, of course. They had two saying he was fine and one saying he was incompetent. That's right. I think there was three saying that he was competent and one saying that he was not competent. But those issues could have been and may have been flushed out. I looked for that transcript of that plea hearing and I could not find it. And I did receive some reports, which I included in the supplemental excerpts of records from some of those experts on what they testified about or presumably would have testified about at the hearing. But those were the time to flush out those issues, not eight years after the convictions, you know, after he's pled guilty to that. And he had his opportunity to obtain those records for that hearing, and I don't know if those records were in fact obtained for the hearings, just not clear in the record. Well, I guess my problem was one with a prejudice, because the argument seems to be if those records had been produced, they might show something that might have helped him. But how can you find prejudice for failure to produce them when you don't know what's in them? I mean, it's just a guess that there might be something there. Well, I would just go back and I would, as we argued in the brief, that you had three experts saying that Petitioner was competent to stand trial, and they evaluated other reports, maybe not that 1991 report, but they based it on a personal interview, on other reports, and you had one defense expert look at him and say that he was not competent. Okay, well, I'm going to have to just resolve the prejudice, if we get to it, what is that, what do you have to find to find prejudice if there was ineffective assistance for not looking back at him? You're arguing there was no ineffective assistance in not looking back at him. I'm trying to get you to argue the prejudice. Well, I would say that you can determine the prejudice. You can look at one component of the prejudice is the testimony, the weight of the testimony of the experts. Would that report have changed their testimony? And I don't think a report would. Nobody knows. Well, it was a 1991 incident. We were determining, or the courts were determining, his competency as of, I believe, 1996 when he was in the trial court. So that was five years later, and the experts, as I've stated, had plenty of opportunity to explore other documents that proved or disproved his competency. So they could have had those records. The psychiatrist might have looked at them, but we just don't have any way of knowing because you can't find a transcript. No, I cannot find the transcript of that hearing. The only thing is I inserted in the supplemental excerpts of records are those doctors' reports. Okay. Well, you've gone over three minutes and 28 seconds, but we'll give you equitable total. Thank you. Thank you very much. Just briefly back to the issue of whether the 500 days is unreasonable per se. Without a hearing, if this court were to do that and not allow a remand for an evidentiary hearing, it may be that the California Supreme Court has allowed delays up to an unknown amount of years, maybe three years, maybe two years. We don't know without an evidentiary hearing or without looking at what other district courts have found. We don't know how great the delay might be. And if this 500 days... But doesn't he have a burden to put something in the record from which we can conclude that there should be an evidentiary hearing in order to resolve the factual question? The problem is that what you're saying to us is that we should remand for an evidentiary hearing because he might be able to come up with an explanation in the absence of any showing at this stage that he even has one. Well, at least in the case of the Mueller case, on remand the district court found from the Supreme Court itself that they have no specific period of delay, that they specifically don't have a period of unreasonableness. Clearly in Evans v. Chavez, the Supreme Court was not saying that it's an unlimited period of time, our Supreme Court, the U.S. Supreme Court. So regardless of whether or not California has a court decision or a statute that says as a matter of law this is too long, we have to look at it through the lens of the Supreme Court's decision in Evans asking us to determine the federal EDPA limitation in order to see whether or not he's entitled to tolling. Isn't that what we're doing? We're not purporting to declare as a matter of law what's reasonable under California law. We're interpreting the EDPA statute. I thought the case, the Supreme Court said in Chavez, that the federal court is supposed to determine what the state court would find unreasonable, not what the federal court. Well, maybe I'm misunderstanding. Are you arguing that there is simply no period of time, that it could be forever under California law? No, I'm not arguing. Okay. That's what I heard you saying. On that, I would submit, Your Honor. All right. Thank you. The matter is submitted.
judges: Pregerson, Thompson, Tallman